IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



United States of America, ex rel.
Crandall Slaughter,

        Petitioner,

v.

Donald Hulick,

        Respondent.

) No. 5 CV 4762
) Wayne R. Andersen
) District Judge

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the Petition of Crandall Slaughter to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and his motion for an injunction barring the State of Illinois from continuing his mandatory supervised release. Slaughter contends that he was kept in prison past his mandatory release date, was not given a parole hearing on the earliest date he was entitled to one, and that he received ineffective assistance of counsel in his state court habeas corpus proceedings. Petitioner's claims fail because the Illinois Department of Corrections ("IDOC") properly computed the time he was to serve and Illinois's parole statute does not create a constitutionally protected liberty interest.

## BACKGROUND

Petitioner was in custody starting September 26, 1978. In 1979, petitioner was convicted of attempted armed robbery and attempted murder, for which he was sentenced to 5 to 15 years and 10 to 15 years in the custody of IDOC, respectively. The sentences for petitioner's 1979 conviction were to run concurrently, yielding a 10 to 15 year sentence. In 1980, in a separate prosecution for

a completely different crime, petitioner was convicted of murder and sentenced to a definitive term of 40 years. The 40 year sentence was to run consecutive to petitioner's 10-15 year sentence, making the petitioner's combined sentence for his 1979 and 1980 convictions 50 to 55 years.

Petitioner raised objections he had to the computation of his sentence and the date of his parole hearing in a petition for writ of habeas corpus filed in the Circuit Court of Cook County on July 2, 2003. In this state court habeas petition, he argued that he should have received a parole hearing once the minimum sentence for the crimes he was convicted of in 1979 was completed. The state court found this argument "contrary to common sense... contrary to any reading of the statute." Instead, the state court found that IDOC correctly computed both petitioner's minimum outdate, at which time he would be eligible for, but not necessarily receive, parole and his maximum outdate, at which time he would be subject to mandatory supervised release. This ruling rejected petitioner's additional argument that he was to be released upon serving his minimum sentence. The Illinois Appellate Court affirmed the denial of petitioner's habeas corpus petition after his counsel filed a brief asking to withdraw under *Pennsylvania v. Finley*, 481 U.S. 429 (1988). Subsequently, The Supreme Court of Illinois denied Petitioner's Leave to Appeal on February 17, 2005.

In the instant case, petitioner reasserts his argument that he should have been released upon serving his minimum sentence, contends the allegedly ineffective assistance of his appellate counsel in state court violated his constitutional rights, and claims that he should not be subject to mandatory supervised release.

## DISCUSSION

Illinois statute unambiguously establishes that when a prisoner is serving consecutive sentences, "the minimum period of imprisonment shall be the aggregate of the minium and

2

determinate periods of imprisonment" and "the maximum period of a term of imprisonment shall consist of the aggregate of the maximums of the imposed indeterminate terms, if any, plus the aggregate of the imposed determinate sentences for felonies." ILCS 5/5-8-4(e). Adding petitioner's minimum term of imprisonment for his 1979 conviction, 10 years, with his determinate sentence of 40 years for his 1980 conviction, results in a 50-year minium sentence. Petitioner's maximum term of imprisonment for his 1979 conviction, 15 years, plus the determinate sentence of 40 years for his 1980 conviction, yields a 55-year maximum sentence.

Petitioner was also eligible for credits that effectively cut his sentence in half. *Johnson v. Franzen*, 34 Ill.Dec. 153,157 (Ill. 1979) ("plaintiff is entitled to one day of good-conduct credit for each day served to the extent his prison conduct merits the award of credits. The credits are to be applied to the minimum and maximum terms.") Thus, petitioner's 50-year minimum sentence would require 25 years in custody; his 55-year maximum sentence results in 27 ½ years custody.

Petitioner claims that, after serving 25 years in the custody of IDOC, he was entitled to be paroled. After serving 25 years of his sentence, petitioner received a parole hearing, but the Prisoner Review Board voted to deny parole "because to do so would deprecate the seriousness of the crime and promote disrespect for the law." Petitioner then served the remainder of his sentence, upon which time he was placed on mandatory supervised release.

We will only grant habeas relief if the adjudication of the claim by the state court: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Here, the state court found that the IDOC correctly

3

computed petitioner's sentence and there are no facts in the record to suggest that determination was unreasonable.

Furthermore, violation of a state statute only gives rise to a federal claim if that statute creates a liberty interest. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). However, "Illinois' parole statute does not create a legitimate expectation of parole" and, therefore, does not create a liberty interest. As the Supreme Court has recognized "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

As the discussion above suggests, petitioner's appellate counsel for his state court habeas petition was correct to file a *Findley* brief and withdraw from the case since any appeal would lack merit. The analysis above also dictates that petitioner's claims regarding mandatory supervised release fail. Petitioner wants this Court to enjoin respondent from imposing a term of mandatory supervised release because, in petitioner's view, he was kept in the custody of the IDOC for longer than his sentence permitted and he should not have the additional punishment of mandatory supervised release. Since we find no fault with IDOC's computation of petitioner's required sentence, we reject petitioner's claims.

## CONCLUSION

For the reasons stated above, the Petition and motion to enjoin respondent from requiring petitioner to serve a term of mandatory supervised release are denied.

It is so ordered.

                                                     Wayne R. Andersen
                                                    United States District Court

Dated: May 26, 2006